## BETHEA v. McCALL, *pro. ami.*

1. A suit may be brought by a *prochein ami*, without first obtaining leave of the Court.

2. It can not be objected, on error, that no issue has been tried, when the record shows that an issue was submitted to the jury, although no plea appears in the record.

3. Proof that a deed for land was made in 1824, by the defendant to the plaintiff, and given to the mother of the plaintiff, an infant, for safe keeping, who ten years afterwards, was married to the defendant, and that notice had been given to the attorney of the defendant to produce the deed. On the trial—*held*, sufficient to authorise proof of the contents of the deed, by secondary evidence.

4. Proof by the subscribing witness to a deed, that he subscribed in 1824, as a witness, a deed of gift for lands made by the defendant to the plaintiff—that the land was described in the deed by its proper designation as part of the public lands, but he was then unable to say, from his recollection of the contents of

. the deed, what it was—that the defendant, at the time of making the deed, stated that the lands conveyed were those on which Daniel McCall had resided, and by another witness, that the land on which McCall resided was that sued for—*Held, competent* evidence in an action against the grantor—no question being raised on the trial as to its *sufficiency.*

Error to the Circuit Court of Lowndes.

THIS was an action of trespass to try title, by the defendant against the plaintiff in error. The plaintiff below obtained a verdict, and judgment was rendered thereon.

By a bill of exceptions, it appears that the deed under which the plaintiff claimed, was alleged to have been lost, and was not in the possession of plaintiff, and to lay the foundation for proof of its contents, a witness was examined, who deposed that he was a subscribing witness to a deed made by the defendant to the infant plaintiff, in the year 1824, and delivered to him, and then placed in the hands of the mother of the infant, who was then a widow, for safe keeping; that she intermarried with the defendant in the year 1834, and that for the greater part of the time between 1824 and 1834, the defendant resided out of the State. The plaintiff also proved that a notice was served on the defendant's attorney, to produce the deed—which being all the evidence on this point, the defendant objected that it was not sufficient, as it did not show that the defendant was entitled to the custody of the deed, nor was it traced to his possession. But the Court overruled the objection, and permitted parol evidence to be given of the contents of the deed, to which the defendant excepted.

To prove the contents of the deed, the plaintiff introduced a witness who swore that he was a subscribing witness to a deed of gift for lands made by the defendant to the plaintiff; that the land was described in the deed by designating the quarter section, township and range, but the witness was unable to designate and describe the lands conveyed according to the description in the deed, and stated, that at the time of making the deed, and after it was delivered, the defendant stated that the lands he had given by the deed, were those on which Daniel NcCall had resided in his life time. A witness was then called, who deposed that the lands on which Daniel McCall had lived, were those described in plaintiff's declaration, and

sought to be recovered. The defendant's objected to this mode of establishing the contents of the deed, but the evidence was admitted, to which the defendant excepted, and now assigns for error,

1. Because it does not appear by what authority Solomon McCall acted as next friend of the plaintiff.

2. Because an infant cannot prosecute his suit by guardian or next friend, appointed by the Court.

3. Because parol proof is incompetent to establish the execution of a voluntary deed for land, in a suit by the grantee against the grantor.

4. That the notice to the attorney of the defendant, was not under the circumstances of this case, sufficient.

5. In receiving parol evidence of the contents of the deed, as set forth in the bill of exception.

6. In admitting the declarations of the defendant of the description of the land.

7. Because there was no issue tried by the jury.

8. Because there was no proof of the interest of the plaintiff in the deed, whether it was a term of years or the fee.

9. Because there was no sufficient evidence of the loss of the deed.

10. Because there was no proof of consideration.

WILLIAMS, for plaintiff in error, cited 1 Johns. C. Rep, 273; 18 Johns. 331; 1 Phil. Ev. 433, 452.

COOK, contra, cited 8 Porter, 529; 9 ib. 39; 1 Ala. Rep. 121.

ORMOND, J.—The first and second assignments of error are founded on the supposition, that an infant cannot commence a suit by his next friend, without first obtaining an order of Court for that purpose. The right of an infant thus to sue, is expressly given by statute. Aik. Dig. 279, § 118. And it cannot be doubted that it was the design of the legislature to authorise suits to be commenced in this mode, without first obtaining leave of the Court, as the infant might be otherwise seriously prejudiced. After the suit is thus commenced, the *prochien ami* will be restrained by the Court from doing any thing to the prejudice of his ward, and may be removed by the Court. See Isaacs v. Boyd, 5 Porter, 388.

This Court has repeatedly held that no objection can be taken here, for want of a formal issue, if it appears from the record that the parties appeared, and submitted their cause to the jury. In this cause, it appears that the parties appeared, and that a jury was empanneled to *try the issue joined* between them, and that the jury found the defendant guilty of the trespass. This, according to repeated decisions of this Court, is sufficient, although no plea appears in the record.

The remaining points presented by the assignments of error, are, first, whether the preliminary proof was sufficient to authorise the introduction of secondary evidence of the contents of the deed, under which the plaintiff claimed title.

Second, whether the evidence admitted to prove the contents of the deed, was competent evidence, or in the language of the bill of exceptions, whether the contents of the deed " could be established in that mode."

1. The preliminary evidence offered to lay the foundation for secondary proof of the contents of the deed, was the testimony of the subscribing witness, who swore that a deed was made in the year 1824, by the defendant to the plaintiff, delivered to him, and then deposited with the mother of the infant for safe keeping; that in 1834, the defendant married the mother of the plaintiff, and that notice had been served on the attorney of the defendant, to produce the deed. This was in our opinion, sufficient to authorise the introduction of the secondary proof. In Mordecai v. Beall, 8 Porter, 529, and in Jones v. Scott, 2 Ala. Rep. 58, this Court, at some length, laid down the rules which govern this inquiry, so far at least, as the question is susceptible of being regulated by fixed and ascertained rules; for, to a great extent, every case must depend on its own circumstances. The principal points for the consideration of the Court in such cases are, first, was the supposed lost instrument, once in existence. Second, is it lost, destroyed, or in the possession of the opposite party. And, third, has the party wishing to rely on it, done every thing in his power to produce it.

No doubt can be entertained that the deed once existed, and was in the possession of the mother of the plaintiff, and now the wife of the defendant. It is not pretended that it was ever re-delivered to the infant plaintiff, or to any one in trust for

him, and it must therefore be presumed to be where it was originally placed for safe keeping. Being in the custody of the wife upon her marriage with the defendant, it passed under his control, and in legal contemplation, is in his possession; the legal existence of the wife being merged in that of the husband during the coverture.

It is, however, supposed that the notice to produce the deed should have been given to the defendant himself, and that notice to his counsel was not sufficient, as it is not shewn that the deed was in his possession.

Independent of the general practice of notifying parties to the suit through their attornies, with whom they are presumed to be in correspondence, this matter is regulated by statute. Aik. Dig. 280, § 123, where it is provided, that notice to the attorney of record, shall be notice to the party whom he represents.

The remaining question relates to the evidence offered, to prove the contents of the deed. This was the evidence of the subscribing witness, who testified that in 1824, he subscribed as a witness, a deed of gift for lands made by the defendant to the plaintiff, that the land was described in the deed by its proper designation, as part of the public lands, but he was then unable to say from his recollection of the contents of the deed, what it was: that the defendant stated at the time of making the deed, and after it was delivered, that the lands he had given by the deed, were those on which Daniel McCall had resided in his life-time, and a witness was then called, who proved that the lands on which Daniel McCall had lived, were those described in the declaration, and sought to be recovered in this action.

It is now objected by the counsel for the plaintiff in error, that this was not sufficient proof of the contents of the deed, to authorize a recovery; that it does not appear what estate the plaintiff had in the lands, whether the fee simple, or only a term of years, or for the life of another, and therefore, it may be, that the estate is at an end. We will not undertake to say that these objections, if further proof could not have been adduced, would not have been decisive in favor of the defendant, but the objection raised in the Court below, was not to the quantity, but to the quality of the evidence. It was not a motion for in-

Bethea v. McCall, pro. ami.

structions to the jury, that the evidence did not sustain the action, but it was an objection to the evidence itself.  The defendant objected to this *mode* of establishing the contents of the deed, is the language of the bill of exceptions; which in other words, is an objection to the competency of the evidence, and that is the only question which can be raised here.

When the contents of the instrument is to be established by secondary evidence, if no written copy exists, it must of necessity, be by parol proof; and this is submitted to from the necessity of the case.  As the witness to the deed was unable, after such a lapse of time, to swear to a part of the contents of the deed, the description of the land, the Court permitted evidence of the declarations of the defendant, at the time the deed was made, to be given in evidence to identify the land conveyed, and to this we can see no objection in this case; the action being against the grantor himself.  It is not necessary to say what should have been the decision, if the suit had been against a third person; being against him, it was certainly competent. As to the evidence itself, it is perhaps more satisfactory than if the witness had undertaken to swear to the precise description of the land in the deed, as that would be much more apt to fade from the memory than a description of it by reference to a former owner of the land.  We are *entirely* satisfied that the evidence was competent, and if not quite so, satisfactory as could have been desired, the objection comes with a bad grace from one who could have removed all doubts by the production of the deed.

Let the judgment be affirmed.