BARWICK, ADM'R, vs. RACKLEY, PRO AMI.

[ PETITION BY NEXT FRIEND OF MINOR TO SET ASIDE AN ANNUAL FINAL SETTLEMENT OF ADMINISTRATOR. ]

1. *Infants.*—Infants must sue by their next friend.
2. *Same, suit by next friend of; how may be brought.*—A suit may be brought by a next friend, in the name of an infant, without first obtaining the leave of the court for that purpose.
3. *Same ; for what cause should not be dismissed.*—A suit in the name of an infant, commenced by a next friend, without the knowledge or consent of the infant, or against his will, should not for these reasons be dismissed, on motion of the defendant.
4. *Same; duty of court in such case.*—In such a case, on a proper application, which may be made by the infant by a next friend, the general guardian, or any near relative, the court should institute an inquiry whether the suit is for the benefit of the infant, and whether it is for his interest that it should be prosecuted by the person named as next friend ; and if it appears that the suit is not for his benefit, or that it is not for the interest of the infant that the same should be prosecuted by the person named as next friend, the court will order the proceeding to be stayed, and in the latter case remove the next friend and appoint another in his stead.
5. *Administrator, final settlement of; when may be set aside at subsequent term.*—The probate court has the power, at a subsequent term, to set aside the final settlement of an administrator, on the application of an infant distributee, if the settlement was made without the appointment of a guardian *ad litem,* or if the guardian *ad litem* appointed did not accept his appointment, and did not, in fact, represent the infant on such settlement.
6. *Decree of court below ; when will be affirmed.*—Where a bill of exceptions does not set out the evidence, but states merely that certain papers and records, by name, were introduced, this court will presume in favor of the correctness of the decision of the court below, and affirm the judgment.

APPEAL from Probate Court of Henry.
Tried before Hon. J. B. APPLING.

The opinion fully states the facts.

J. A. CLENDENNIN, for appellant.—Under the general law on the subject, a *prochein ami* could only be appointed by

a court.—See Tyler on Infancy and Coverture, p. 195.
No legal right of parentage or guardianship would enable
any one to act for the infant without such appointment.
The statute of Alabama authorizes the infant to sue by
next friend without first obtaining the leave of a court.
The relaxation of the rule certainly does not authorize any
volunteer to institute suits on behalf of the infant. It
certainly does not contemplate that the minor has no dis-
cretion whatever.

The evidence in this case shows that the minor was six-
teen years of age, and that the next friend was a volunteer.
The suit was the suit of the infant. No court had con-
ferred the power on the next friend to act. Did the minor
confer this power? Certainly not. If neither the court
nor infant could control as to the selection, or to direct the
institution of the suit, then minors are at the mercy of any
person who may institute, voluntarily, suits on their be-
half, whether of divorce, or other matters of peculiar
interest to them.

There was no necessity for the suit to be instituted.
The rights of the minor would not be affected by delay in
the premises.

Chancellor Kent, as quoted in 27 Ala. 295, in *Cook v.
Adams,* says : "Infants should act under the advice and
discretion of their next friend, or guardian." A volunteer
unknown to the minor is not in position to advise, or exert
a beneficial influence on the minor.

The minor would be bound by the action of the court in
the premises, if he did not appear and object to the suit.

The courts did not allow an insolvent person to act as
next friend, without giving surety for costs.—Tyler on In-
fancy, &c. 197.

If the minor had any right in regard to the case, the
court could not take action to proceed with the cause, and
such action by the court was erroneous.


W. C. OATES, *contra.*—1. The application and motion of
the minor by Lesenby as his next friend, in the probate
court, was a matter of discretion with that court, and it is
to be presumed that court acted for the interest of the mi-

nor, and such action is not reversible, unless the decree of that court setting aside the former decree and settlement, is erroneous.

2. The petition sets out the fact, that the assets of the estate of James G. Barwick had been wasted and mal-administered by the appellant, and that upon his settlement the minor, James R. Barwick, was not represented, either by his guardian or a guardian *ad litem.* This rendered the settlement and decree thereon utterly void.— *Laird, Adm'r, v. Reese,* January term, 1870, of this court; *Travis v. Frierson,* 39 Ala. 150; *Houston v. Deloach,* June term, 1869, of this court; *Hollis v. Caughman and Wife,* 22 Ala. 478.

3. The bill of exceptions does not set out the records of the probate court which were introduced in evidence, and acted on by the court below, and in their absence, this court is bound to presume that that court acted right. *Omnia presumunter rite esse actor.*

PECK, C. J.—We think the judgment in this case must be affirmed. It was rendered in a proceeding commenced in the probate court of Henry county, by a petition filed in that court in the name of James R. Barwick, an infant under the age of twenty-one years, by his next friend, George W. Rackley. The petition states that said infant is an heir at law of James G. Barwick, deceased, and a distributee of his estate.

The object of the proceeding, as stated in the petition, was to set aside a final settlement of said estate, made in said court by Reddin Barwick, administrator of said deceased.

The grounds stated in said petition for setting aside said settlement are, that the person appointed as guardian *ad litem,* to represent said infant in said settlement, did not accept of his appointment, nor did he, in fact, represent him in said settlement.

On the day appointed for the hearing of said petition, a motion was made to dismiss the same, founded on a petition of said infant, on the ground that said next friend

was a mere volunteer, and filed the said petition without the knowledge or consent of said infant; that said next friend was believed to be irresponsible; that said infant was sixteen years of age, and had a guardian able and willing to represent him; that he was satisfied with said settlement, and the good faith of the administrator in making it, and in his management of said estate; and that the interference of said Rackley in the affairs of said infant was wholly unauthorized by him.

This petition was not sworn to, and the only evidence offered to support said motion was an affidavit of said infant, that he had never, in any manner or form, authorized said Rackley to act as his next friend, or to institute any proceedings in said court, or any other court, and that he did not, in any way, recognize the acts of said Rackley in the premises.

The court overruled said motion, and refused to dismiss said petition, and the appellant excepted. This ruling of the court is assigned for error.

This assignment of error seems to be based upon the idea, that to authorize a suit to be brought in the name of an infant, by his next friend, it is necessary for the next friend to obtain the consent of the infant, especially if he has arrived to the age of discretion; and if such consent is not obtained, the suit must be dismissed, on the motion of the defendant. But we hold the true doctrine on this subject to be, that it is not necessary to obtain either the consent of the infant, or the leave of the court, in such cases, before the commencement of a suit. In the case of *Bethea v. McCall*, 3 Ala. 449, it is decided that a suit may be brought by a *prochien ami* without first obtaining the leave of the court for that purpose.

So, too, in Tyler on Infantry and Coverture, p. 197, it is said that it is not necessary for a person prosecuting a suit in the name of infants, to show that the same was commenced with their knowledge or consent; that any person may bring a suit in their name, as their next friend, because he does so at his peril.

This is true, whether an infant be of tender age, or is

approaching his majority.—*Morgan v. Thorne*, 7 Mees. & Welby's R. 400; Tyler on Inf. and Cov. 197.

The only check upon this general license, seems to be, that on a proper application, which may be made by the infant, by a next friend, the general guardian, or any near relative of the infant, the court will institute an inquiry, whether the suit is for the benefit of the infant, or whether it is for his interest that it should be prosecuted by the person named as next friend; and if, on such inquiry, it shall appear that the suit is not for the benefit of the infant, or that it is not for his interest that the suit should be prosecuted by the person named as next friend, in either case, the court would order the proceedings to be stayed; and in the latter case, will remove the next friend and appoint another in his stead.—Tyler on Infancy and Coverture, 197, 198; *Fulton v. Rosevelt*, 1 Paige's Rep. 170, 179. One reason for this practice is, that a *prochien ami* is treated as an officer of the court, and subject to its direction and control, and liable to be removed by its order, and another reason is, that an infant is legally incompetent, by reason of his infancy, either to give, or to withhold his consent. We, therefore, decide that the probate court committed no error in overruling the motion to dismiss the petition in this case.

After this motion was thus disposed of, the court proceeded to the hearing of the application, to set aside the decree of final settlement, on the merits, and rendered a decree, setting the same aside, and taxed the appellant with the costs. To this ruling and decree of the court, the appellant excepted, and the same is also assigned for error.

The bill of exceptions states that on this hearing, the said next friend, said Rackley, introduced as evidence: 1st. The inventory and appraisement of said estate; 2d. The report of the sale, made by said Reddin Barwick, the administrator; and, 3d. The record of the final settlement, and the proceedings had thereon, on the 29th day of October, 1866, and then closed his case.

The said Reddin Barwick, then offered in evidence all the records of said court pertaining to said settlement

No part of the evidence, introduced by either party, is set out in the bill of exceptions, nor does it appear elsewhere in the record. The papers and records, stated to have been introduced in evidence, are merely mentioned by name.

As the evidence is not set out in the bill of exceptions, we can not know whether the probate court decided right or wrong. The rule in such cases is, that the appellate court will presume the court below decided right, and affirm its judgment.

This assignment of error, however, presents one question, that we can legitimately consider, and that is, had the said probate court, at a subsequent term, the power to set aside this decree of final settlement for the causes set out in the petition? to-wit: that the guardian *ad litem*, appointed to represent the infant, did not accept of his appointment, and did not in fact represent him in said settlement? This question we have already decided in the affirmative, in the case of *Laird, Adm'r, v. Reese*, 43 Ala. Rep. 149.

It follows, that there is no error in the record, and therefore, the judgment of the probate court is affirmed, at the cost of the appellant.