## WARD, Adm'r, *vs.* HUDSPETH.

[ACTION ON PROMISSORY NOTE GIVEN FOR PURCHASE OF SLAVES.]

1. *Plea; what demurrable.*—A plea which states that the note sued on was given in consideration of slaves sold by the plaintiff to the defendant in 1860, is bad on demurrer.
2. *Probate court, order of sale by ; when can not be collaterally attacked.*— Where a probate court grants an order for the sale of personal property of an estate for distribution, if such court obtains jurisdiction by a proper application, and errors afterwards intervene in the proceedings, the order of sale can not be collaterally impeached for such errors, but will be held valid until reversed, &c., on a direct proceeding for that purpose ; and until such order is so reversed, a charge by a court that a sale made under such an order is void, is erroneous.

APPEAL from the Circuit Court of Henry.
Tried before Hon. J. McCALEB WILEY.

The facts are sufficiently stated in the opinion.

MARTIN & SAYRE, and W. C. OATES, for appellant.
J. L. PUGH, *contra.*

PECK, C. J.—The appellant, as the admininistrator of the estate of James Ward, deceased, commenced this suit against the appellees, said Hudspeth and Edmund J. Ward, Manson D. Hart, and Levi Parish, in the circuit court of Henry county, at the spring term thereof, in the year 1866.

The death of said Edmund J. Ward was suggested, and as to him, the suit abated.

The defendants filed three pleas—1st, the general issue ; 2d, that the note sued on was given without consideration ; 3d, that the note, the foundation of the action, was given solely for the price bidden for slaves, sold at public outcry, by plaintiff, as administrator of James Ward, deceased, under an order of sale, for distribution among the heirs-at-law of said deceased, granted by the

judge of probate of Henry county, Ala., on the third Monday in October, 1860, on a petition by said administrator, filed on the fourth day of September, 1860.

The plea then sets out all the proceedings in said probate court, including the order of sale—the sale, return of the sale, and the confirmation thereof, &c., and concludes by stating, that said order of sale, and the sale made under it, are wholly void. The minute entry states that issue was taken on these pleas, a trial by a jury had, and verdict and judgment for the defendants.

There is a bill of exceptions in the record, that states, that the plaintiff demurred to the said third plea, which was overruled by the court. It also sets out the evidence on both sides, which, on the part of the plaintiff, consists of the note, described in the complaint, and on the part of the defendants, a transcript of the record and proceedings, in the probate court, which consists of the plaintiff's petition in that court, praying for an order to sell the personal property of said estate, consisting of some fifty slaves, to make distribution among the widow and heirs of said deceased, embracing all the proceedings, to, and including the report of the sale, and the approval of the sale, by the said court, which, it is stated, was all the evidence in the case ; upon which the court charged the jury, that if they believed the evidence, they must find for the defendant — that said decree of sale was void, and that plaintiff could not recover.

I have examined these proceedings with some care, and confess, I am unable to discover any substantial error or errors in them. No particular irregularity or error is pointed out or designated, either in the plea, or the charge of the court, or in any other way. We are left to hunt for them, without any guide or finger boards. The petition seems to be sufficient to give the court jurisdiction, and errors or irregularities that afterwards intervene, if any, can not be reached by objection in a collateral proceeding, but only by a direct proceeding on appeal, for that purpose. *Wyatt's Adm'r v. Rambo*, 29 Ala. 510, and cases cited, &c. In this case, the said Edmund J. Ward, as to whom the suit abated by his death, and who was the principal in the

Ward, Adm'r, v. Hudspeth.

note sued on, was a distributee of said estate, lived in the county where the proceedings in the probate court were had, had personal notice of the application of the administrator, and, as far as the record shows, made no objection to the proceedings, or the decree for the sale of the property, but, on the contrary, was at the sale, and bought slaves to the amount of the note sued on, ten thousand nine hundred and fifty dollars, and as such distributee, has a credit on said note, for the sum of six thousand five hundred dollars.

For these reasons, we think the circuit court was wrong in overruling the demurrer to the third plea, and in the charge given to the jury.

Such charges are rarely proper, and should never be given, but in very clear cases; they are too apt to make the court both judge and jury; in other words, to invade the proper province of the jury.

I presume the demurrer to the third plea was overruled upon the idea, that the third section of ordinance No. 38 of 1867, that declares, there is a failure of consideration on all notes given on the sale of slaves; and, most probably, it was on this idea, that the court held that an order of the probate court, for the sale of that kind of property, was void. However this may be, we decide the court below was mistaken, and as that section has been since declared, by this court, unconstitutional, we hold that the charge of the court was wrong; and that there is error in overruling the demurrer to the said third plea. Let the judgment of the circuit court be reversed, and the cause be remanded, at the costs of the appellees.