## NANCY ELDERKIN'S APPEAL FROM PROBATE.

An appeal can not be taken in a probate court from the allowance or disallowance of an appeal.

If the appeal is improperly allowed the aggrieved party has a full opportunity to make the question in the appellate court; and if an appeal is improperly refused the remedy of the aggrieved party is by an application for a mandamus to compel the allowance of the appeal.

APPEAL from an order of a probate court denying an appeal from its decree approving a will; taken to the Superior Court in Hartford County, and heard before *Hovey, J.* Judgment reversing the order appealed from, and motions for a new trial and in error by the appellees. The case is sufficiently stated in the opinion.

*F. L. Hungerford,* in support of the motions.

*D. R. Wright,* with whom was *A. Hart,* contra.

CARPENTER, J. The appellant appeared before the probate court and moved for an appeal from the doings of the court in approving the will of William Norton, deceased. That motion was denied on the ground that she had legal notice to be present at the hearing on the acceptance and approval of the will, and that the time had then passed within which she could take an appeal. She then moved for an appeal from the action of the court in denying that motion, which was granted and that appeal allowed.

On the trial the Superior Court found certain facts and

reversed the action of the probate court in denying the appeal. The appellees moved for a new trial and filed a motion in error.

The appellees claimed that an appeal could not be taken from the decision of the court denying the motion for an appeal. The court decided otherwise, and that is one of the errors assigned.

We are of the opinion that the appeal was not allowable; and as that disposes of the case it is unnecessary to consider the other questions discussed.

The statute (Gen. Statutes, p. 54, sec. 11,) provides that "any person aggrieved by any order, denial or decree of a court of probate, in any matter, unless where it is otherwise specially provided by law, may appeal therefrom to the Superior Court, &c."

It is claimed that the broad language of this statute is comprehensive enough to include this case. That must be conceded. But if the statute is to be taken literally and applied to the action of the probate court in refusing or, allowing an appeal, it carries us too far, and involves consequences which the legislature never could have intended; for it would authorise appeals from the refusal and allowance of appeals, and each successive order allowing or refusing an appeal might itself be the subject of an appeal, and thus litigation might be multiplied indefinitely. The statute should receive a reasonable construction, and a construction which leads to such absurd consequences can hardly be regarded as reasonable.

The object of the statute must be kept in view. It was evidently intended to give parties an opportunity to be heard in an appellate tribunal in respect to all matters affecting their rights heard and determined in the court of probate. Now in respect to all such matters other than those involved in questions of appeal, there is no other method of review than an appeal. In no other way can the Superior Court direct or restrain the action of the court of probate. In respect to questions involved in motions for appeal it is different. It is quite true that such motions

often involve important questions of law and fact, as in this case, but the parties are not without an opportunity to present them for adjudication in the Superior Court. If an appeal is improperly allowed the party aggrieved may raise the question by a proper plea in the appellate court. No appeal from the allowance is necessary; he has a more direct and more satisfactory remedy. If an appeal is improperly refused he may apply to the Superior Court for a mandamus and have the question reviewed in that proceeding. So far as we know that has been the uniform practice. As mandamus will not lie when there is another remedy it is evident that the profession have not regarded the remedy by appeal as open to them.

Evidently there must be a limit somewhere, and we think the one we have indicated is a reasonable one—preserving the rights of the parties on the one hand and avoiding inconvenient and unnecessary complications on the other.

The judgment is reversed.

In this opinion the other judges concurred.