STEWART PATTERSON

*v.*

GEORGE M. PULLMAN *et al.*

*Filed at Ottawa June 21, 1882—Rehearing denied September Term, 1882.*

1. CHANCERY—*under bill to construe deed, court may declare it void.* On a bill filed by a guardian of a minor to have a construction of a deed of trust given by the minor's mother in her lifetime, and a declaration of the ward's rights under it, the court may pass upon the validity of the trust deed, and if it is found void and inoperative, it would be the duty of the court to so declare in its decree. To construe a deed or other instrument is nothing more than declaring its legal effect.

2. INFANT—*who may prosecute or defend suits for infants.* Ordinarily the guardian is the proper person to represent his ward in all legal proceedings, and he should do so unless some good reason appears to the contrary, of which the court in which the proceeding is instituted or is proposed to be brought is the judge.

3. In sec. 18, chap. 64, Rev. Stat., relating to guardians and wards, the words "*appoint* or *allow* any person, as next friend" for a minor, to commence or defend any suit, etc., clearly show that the court is clothed with a discretion in appointing or allowing one other than the guardian to institute or defend a suit on behalf of an infant. This discretion is necessary to prevent many suits in reference to the same subject matter being brought in behalf of an infant.

4. SAME—*person representing infant should be a suitable one.* As an infant, when properly in court, is bound by its decrees or judgments the same as adults, it is important that none but a suitable person should be per-

mitted to institute or defend suits on its behalf, and there should clearly be no conflicting interests between the infant and the party representing him.

5. In this case the guardian of a minor brought a suit in equity in his ward's name to have a deed of trust of his deceased mother construed, and the infant's rights in the property named in the deed ascertained and declared, in which the minor's father, who had formerly been the guardian of the minor, filed a cross-bill seeking to have the trust deed declared void, and claiming a life estate in the property as tenant by the curtesy. On the hearing of the cross-bill it was dismissed, and thereupon the father, as next friend of his son, filed a bill seeking to have the trust deed set aside, alleging that the interests of his son were not properly protected by the guardian's bill, and making the guardian a party. On motion of the guardian, and upon affidavit showing these facts, and also the removal of the father as guardian by the county court, the circuit court dismissed the second bill brought by the father, it appearing that the time for suing out a writ of error by the father to review the decree dismissing his cross-bill had not expired: *Held,* that as the ward's interest could be as well protected in the prior suit as in the last one, and as the father had claimed an interest adverse to his son, there was no abuse of discretion in the court in refusing to allow the father to prosecute the second suit, and in dismissing the same.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM H. BARNUM, Judge, presiding.

In 1863, Mary Clark, Jane, Hannah, and Helen Stewart, the daughters, and Fanny Matthews, the grand-daughter, of Hart L. Stewart, became seized, as tenants in common, of certain real estate in the city of Chicago. Mary Clark, who died January 11, 1871, devised her interest to Hart L. Stewart, in trust for Stewart Clark. Jane, Hannah and Helen, on the 26th of October, 1871, conveyed their interests to George M. Pullman, in trust for Hart L. Stewart, their father, during his life, with remainders over to the daughters in fee, subject to certain limitations not necessary to be noticed. In 1878 an agreement was entered into with the owners of the other two-fifths, by which Pullman was given the exclusive management of the property. Jane, who was married to John C. Patterson, December 22, 1873, died intestate, January 6, 1875, leaving Stewart Patterson, the complainant, her sole heir. On the 29th of October, 1881, John

6—104 ILL.

C. Patterson, as the next friend of the said Stewart Patterson, his infant son, filed the present bill, in which the foregoing facts are made to appear.

The bill also charges that the deed of trust to Pullman was not delivered until after the death of complainant's mother, and that the same is void as to him; that complainant is entitled to a present one-fifth interest in the property; that there has been a general mismanagement of the estate on the part of Pullman and Stewart, to the injury of complainant; that there was then pending in the same court a bill, filed in the name and on behalf of complainant, touching the same matters, by James B. Galloway, the then guardian of complainant, which does not properly set forth and protect the rights and interests of complainant, and that the court for that reason should require the bill to be amended so as to truly present the rights of complainant. All the persons living, heretofore mentioned, are made parties to the bill, and there is a prayer for an accounting, appointment of a receiver, and for general relief. Galloway appeared as guardian, and entered a formal motion in the name of his ward, the complainant, to dismiss the bill. Similar motions were subsequently entered by the other defendants in their own names.

The evidence offered in support of these motions shows that upon the death of complainant's mother, Patterson was appointed guardian of the complainant by the county court of Cook county, and that subsequently, on the 23d of March, 1877, by an order of that court, he was removed from his office of guardian and his letters of guardianship revoked; that on the 8th of April, 1878, the same court appointed Galloway guardian of the estate of complainant, and that he qualified and entered upon his duties as such; that upon his appointment he had various interviews with Patterson and Stewart with respect to his ward's estate, in which Patterson claimed to have a life estate in the fifth of the property

belonging to his son as tenant by the curtesy, and in which he further claimed that the trust deed to Pullman was void; that Galloway thereupon took advice from counsel, and came to the conclusion that the Pullman deed was valid, and that it was for the best interest of his ward that the same should be sustained; that upon informing himself as to the condition of his ward's estate, he, as his guardian and next friend, filed a bill, which was then pending, against Pullman, as trustee under said deed, praying for an account and a construction of the deed, and making Patterson, and the other persons then before the court, parties to the bill; that Patterson filed a cross-bill, setting up most of the same matters sought to be litigated by the bill then pending, and asking the Pullman deed to be declared void; that many days were spent in taking testimony, when the cause was finally brought to a hearing on the cross-bill, resulting in a decree dismissing the same, from which decree there had never been any appeal; that all the parties then before the court were made parties to said cross-bill; that the cause upon the original bill had been referred to the master, and he had taken an account and had reported the same, together with the proofs, to the court, and that the cause was then pending for further consideration. Under these circumstances the court sustained the motions to dismiss the bill, and entered a decree accordingly, to reverse which Patterson has appealed to this court.

Mr. John C. Patterson, for the appellant:

A statutory guardian has no authority to make answer for an infant, and a next friend is only authorized to prosecute the rights of an infant, not defend them. On the question of the authority of such guardians in cases involving title to real estate, see *Mueller* v. *Benner*, 69 Ill. 108.

There should have been a reference to a master to inquire whether the present bill, or the bill of Galloway, the guar-

dian, was more advantageous to the interests of the infant. 1 Daniell's Chancery Pleading and Practice, 70.

The guardian of an infant has no right to affirm or disaffirm title to real estate. *Mueller* v. *Benner*, 69 Ill. 108.

It was the duty of the next friend or guardian to assert all the rights of the infant in this property, and if he fails in this duty, either through ignorance or design, the infant ought not to be prejudiced. The law has not left the title to an infant's property to guardians or next friends for adjudication.

Messrs. DEXTER, HERRICK & ALLEN, and Messrs. MONROE & BALL, for the appellees:

Appellant does not claim to have acted under any previous order or appointment of court, and his mere relationship to the infant gave him no right to act as his next friend which any other person would not have had. 1 Blackstone's Commentaries, 464; *Guild* v. *Cranston*, 8 Cush. 507.

But Galloway, as guardian, had not merely the implied authority of next friend, but express statutory authority to "appear for and represent his ward in all legal proceedings." Rev. Stat. chap. 64, sec. 18.

In the exercise of the power over suits by infants, courts have removed the next friend and appointed another in his place. (*Ward* v. *Ward*, 3 Merivale, 706.) They have refused to permit him to withdraw from the case without a reference to the master to see whether it is proper. (*Milling* v. *Milling*, 4 Maddox, 261.) They have revoked his authority and stayed the suit indefinitely, (*Da Costa* v. *Da Costa*, 3 P. Wms. 140,) or dismissed the suit altogether. (*Fox* v. *Suwerkrop*, 1 Beav. 583.) And when there were two suits, dismissed the one and retained the other. (*Gage* v. *Safford*, 1 Ves. Sr. 545.) The power has been exercised on the ground that the next friend was an unfit person by reason of his habits, (*Walker* v. *Else*, 7 Simons, 234,) or that he was actu-

ated by selfish motives, and seeking to accomplish personal ends, (Sale v. Sale, 1 Beav. 586,) on the ground the suit was not for the benefit of the minor, (Nalder v. Hawkins, 2 M. & K. 243,) or when the interests of the next friend were adverse to the infant. Peyton v. Bond, 1 Simons, 391.

The filing of the present bill was an unauthorized interference with the action of the legally appointed guardian of the minor. It was in direct denial and violation of the authority and jurisdiction which the circuit court had already acquired over the ward and his estate in the then pending suit. Hartman v. Hartman, 59 Ill. 103; 2 Story's Eq. Jur. 35.

No formal order appointing a guardian ad litem is necessary. It is enough that there should be in court some competent person to look after the infant's rights, and he should be recognized by the court as representing him. Rhodes v. Rhodes, 43 Ill. 239; Tibbs v. Allen, 27 id. 119; Uttle v. Garrett, 77 id. 444; Cate v. Easley, 2 Stew. 214; Beverleys v. Miller, 6 Munf. 99.

The evidence shows that appellant has an interest adverse to the infant, and that the bill was filed from personal motives. The determination of the question raised by the motion involved the exercise of a judicial discretion, which this court can not review except for abuse. 2 Daniell's Chancery Practice, 416; Rowley v. Benthuysen, 16 Wend. 370; Taylor v. Delaney, 2 Caine's Cases, 143; Buell v. Street, 2 Johns. 448.

Mr. HENRY B. MASON, for the appellee Stewart Patterson.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

In the view we take of this case we do not deem it important to inquire which of the two bills, that filed by Galloway, or the one in the present case, is best adapted to the conservation of the infant's interests and rights. Perhaps either of them is amply sufficient for that purpose. The chief object

of the bill in the present case seems to have been to obtain a decree declaring the Pullman deed void, and to have the complainant's rights declared accordingly; while the bill filed by Galloway, as guardian, assuming the deed to be valid, seeks a construction of it, and a declaration of the complainant's rights under it. Under the latter bill, if the court shall find, as is claimed by appellant, the Pullman deed void, it will be its duty, and it will, doubtless, so hold and declare the complainant's rights accordingly. As the object of a bill to construe a written instrument of any kind necessarily involves a determination of its validity, we are of opinion the chief object of the present bill was attainable under the bill of the guardian, for to construe a deed or other instrument is nothing more than declaring its legal effect, and if it is void, and consequently wholly inoperative, the court would be bound to so declare.

But as before indicated, the decision of this case does not depend altogether upon the comparative merits of the two bills. In our opinion the real question presented for our determination is, did the circuit court of Cook county, in dismissing the bill, under the circumstances disclosed, so abuse the discretion with which the law has clothed it in cases of this character, as to require a reversal of the decree? Ordinarily the guardian is the proper person to represent his ward in all legal proceedings, and he should do so unless some good reason appears to the contrary, of which the court in which the proceeding is instituted, or proposed to be instituted, is to judge, and this is particularly so with respect to the bringing of suits. The 18th section of chapter 64, Rev. Stat., provides, the guardian "shall appear for and represent his ward in all legal suits and proceedings, unless another person is appointed for that purpose as guardian or next friend; but nothing contained in this act shall impair or affect the power of any court or justice of the peace to appoint a guardian to defend the interest of a minor impleaded in such

court, or interested in a suit or matter therein pending, nor their power to appoint or *allow* any person, as next friend for a minor, to commence, prosecute or defend any suit in his behalf." This provision of the statute is but declaratory of the law as it existed before. The language of the act is, "*appoint or allow any person as next friend,*" etc., thus clearly showing the court is clothed with a discretion in appointing or allowing one other than the guardian to institute or defend a suit on behalf of an infant. The necessity for this discretionary power on the part of the court is manifest. Without it any indefinite number of persons might bring suits on behalf of an infant, and all relating to the same subject matter; and as infants, when properly in court, are, like adults, bound by decrees and judgments rendered against them, it is altogether important that none but suitable persons should be permitted to institute or defend suits on their behalf. There should clearly be no conflicting interests between the infant and the party representing him.

In the present case it is not denied that the appellant, in the suit commenced by the guardian, set up an adverse claim in his own right to the property of the ward. It is true the decree upon the cross-bill is a bar to that claim so long as it remains in force, but the time for the prosecution of a writ of error is not passed, and moreover, the very fact of his having interposed an adverse claim to the property of his own child, which it is conceded it inherited from its mother, does not afford very persuasive evidence of his fitness to represent the child in a controversy about the same property, at least so long as there is any possibility of renewing his own claim. In the face of these facts, without any permission on the part of the court, he files the present bill on behalf of the child, by which he seeks to re-litigate, in the same court, the same matters which were passed upon in disposing of the cross-bill in the other suit, and also other matters which can be fully considered and disposed of on the hearing of the

original bill in that suit, which is still pending.    Under these circumstances we are unable to say the court below did not properly exercise its discretion in dismissing the bill.    It is only when this court is able to say there has been an abuse of such discretion, that it will interpose.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*