### Hicks, Appellant, vs. Hicks, Respondent.
### Hicks, Respondent, vs. Hicks, Appellant.

*March 21 — April 9, 1891.*

*Divorce: Guardian* ad litem: *Saving clause in repealing statute.*  *

1. An action in which 'a divorce was granted in June, 1881, on the ground of the incurable insanity of the defendant wife, is an " action pending March 25, 1882," within the meaning of ch. 230, Laws of 1882, which, in repealing ch. 297, Laws of 1881, declares that " it shall not affect any actions pending March 25, 1882," and, consequently, it is unaffected thereby, but the court which rendered the judgment has full power to revise and alter the same in respect to the custody, support, and maintenance of such insane wife.
2. A guardian *ad litem* for an insane wife, appointed by the circuit court to protect her rights in an action for divorce, continues to be such guardian until removed by the court which appointed him; and his functions are not suspended by the subsequent appointment by the county court of a general guardian for her, but he is the proper person to prosecute a petition to the court for a modification of the judgment in that action as to the support of the wife.

   APPEAL from the Circuit Court for *Walworth* County.
   In June, 1881, the circuit court of Walworth county granted the plaintiff, *Herritt Hicks,* a divorce from his

wife, *Caroline J.*, under ch. 297, Laws of 1881, on the ground that she was incurably insane. She was then an inmate of the state hospital for the insane at Mendota, but was afterwards removed to the Walworth county hospital for the insane, where she now is. Joseph F. Lyon, Esq., an attorney of such court, was duly appointed in the divorce action guardian *ad litem* of *Mrs. Hicks*, and has not been discharged.

The judgment of divorce required plaintiff to give defendant a bond, with surety, in the penal sum of $500, conditioned that he should support and maintain *Mrs. Hicks* during her natural life.

In 1884, on proceedings apparently regular, the Walworth county court appointed Dewey Hicks, a son of the parties, the general guardian of his mother. He duly qualified as such, and letters of guardianship were issued to him by the court.

In January, 1890, the guardian *ad litem* presented a petition to the circuit court in the divorce action, representing, among other things, that plaintiff had not given the bond required by the divorce judgment; that the county of Walworth had incurred expenses in the sum of $800 for the support of *Mrs. Hicks;* and that plaintiff is abundantly able to provide for her support; and praying a modification of the judgment in several particulars, and for general relief. The plaintiff answered the petition, alleging the appointment and qualification of such general guardian; that some time after his appointment plaintiff delivered to him, for the benefit of *Mrs. Hicks*, the bond required by the divorce judgment; that *Mrs. Hicks* is so situated that her best interests do not require a modification of the judgment, inasmuch as she has always been and is being properly maintained in one or the other of the hospitals for the insane above mentioned. The bond was not produced, and the court was not informed who is surety therein, or

whether the surety is responsible, or when the bond was given, or whether it is in proper form. It is charged that it was executed after this proceeding was commenced, and nothing appears to the contrary.

After a hearing on such petition, the court ordered and adjudged that the original judgment of divorce be modified by awarding the care and custody of *Mrs. Hicks* to the trustees of the Walworth county hospital for the insane, and requiring plaintiff to pay such trustees $1.50 per week, in specified quarter yearly payments, for her future support; and also to furnish the trustees necessary clothing for her. The plaintiff appeals from those portions of the order and judgment which thus modify the original judgment.

The circuit court denied the prayer of the petition that the plaintiff be adjudged to reimburse Walworth county for the past support and maintenance of *Mrs. Hicks*, and from the portion of such order and judgment which denies that relief the guardian *ad litem* appeals.

*E. H. Sprague*, for the plaintiff, argued, among other things, that this proceeding was improperly instituted by the guardian *ad litem* of the defendant in the divorce suit; that his functions as guardian expired when a final decree of divorce was entered. To continue his powers afterward would make him a general guardian. The plaintiff having given the bond required by the decree, it is for the general guardian to enforce it. The court was without jurisdiction to make the order appealed from, the proceeding not having been commenced by a petition as required by sec. 2369, R. S., the only statute authorizing a revision of such a decree. *Bacon v. Bacon*, 34 Wis. 594. The saving clause of ch. 230, Laws of 1882, does not apply to this action, as it was not " pending " March 25, 1882, but a final decree had previously been entered. The court had no authority to divest the authority of the general guardian or of the state board of supervision over the defendant, by committing her to

the custody of the trustees of the Walworth county hospital. The plaintiff was not liable to support his insane wife, whom the state or county had committed to an asylum as a *public charity.* No such liability existed at common law, and none is created by our statute. *Delaware Co. v. McDonald,* 46 Iowa, 170; *Richardson Co. v. Frederick,* 24 Neb. 596; *Richardson Co. v. Smith,* 25 id. 767. Sec. 603, R. S., provides for collecting for support of an insane person from his property or from any person *legally bound,* but does not create any liability. Neither does ch. 233, Laws of 1881, create any liability on the part of a husband to support his wife in a county asylum.

*J. F. Lyon,* guardian *ad litem,* for the respondent, took the ground that the authority of a guardian *ad litem* appointed under ch. 297, Laws of 1881, for an insane defendant, continues as long as she has rights in the cause, and it is his duty to see that the provisions of the decree as to her support, etc., are enforced. The decree is not final in that respect, but is always subject to revision. *Campbell v. Campbell,* 37 Wis. 206; *Thomas v. Thomas,* 41 id. 229. The repeal of ch. 297, Laws of 1881, did not affect this action. The action gave the custody of the defendant to the circuit court without limitation. The plaintiff is liable to the county for the support of his insane wife. The court erred in refusing to require the plaintiff to pay the county for past maintenance, and thus enforcing its former order requiring him to give a bond for such support.

LYON, J. If the circuit court had jurisdiction, on the petition of the guardian *ad litem* of *Mrs. Hicks,* to modify or alter the original judgment of divorce in respect to the custody of *Mrs. Hicks,* and her support and maintenance, the order or modified judgment appealed from is a most reasonable exercise of that jurisdiction. It is shown that the plaintiff is of ample pecuniary ability to support his

former wife, and he ought to do so. The requirements of
the modified judgments in that behalf are exceedingly mod-
erate, only requiring the plaintiff to pay $78 per annum
for her support, with a trifling additional expenditure for
clothing. We cannot refrain from saying that he ought to
be willing to pay this paltry sum for the support of the
stricken, helpless wife of his youth, and mother of his chil-
dren. Still it is competent for him to stand upon his legal
rights, and contest his legal obligation to do so. The order
modifying the judgment should not and will not be dis-
turbed on the merits. The only question which demands
attention is that of jurisdiction. Its determination renders
necessary a consideration of ch. 297, Laws of 1881, and ch.
230, laws of 1882, repealing the same.

Sec. 3, ch. 297, Laws of 1881, provides as follows: "In
every action for divorce, in pursuance of the provisions of
this act, the court may, at any time after rendering judgment
therein, revise and alter such judgment, so far as the cus-
tody, support, and maintenance of said insane person is
concerned, and may provide for such maintenance by said
plaintiff out of any property or earnings acquired by said
plaintiff subsequently as well as previously to said decree
of divorce; and the court, making such order for mainte-
nance, may, in its discretion, require the plaintiff to give
security, to the satisfaction of the court, for the faithful
execution of the same," etc. Sec. 5 provides that, "in every
case under this act, the court shall appoint a guardian *ad
litem*, who shall be a respectable and competent attorney
of such court, not interested in the said cause on the part
of the plaintiff, who shall appear for the said defendant,
and diligently protect and care for the rights and interests
of said defendant in such cause," etc. The repealing act
(ch. 230, Laws of 1882) reads thus: "Ch. 297, Laws of 1881,
is hereby repealed. This act shall not affect any actions
pending March 25, 1882, under the provisions of the act

hereby repealed, but said action shall be had and judgment rendered in the same manner as though this act had not been passed."

It thus appears that by sec. 3 of the act of 1881 the court is vested with full power over the custody and support of the insane party, and to revise and alter the original judgment of divorce in those respects at any time after its rendition. Hence the original judgment, in so far as it affects such custody and support, is not final in any correct sense of that term. As to those matters, the divorce action is pending as long as both parties thereto survive. The repealing act of 1882 saves all actions brought under the repealed act which were pending March 25, 1882, which is the date of the approval of the act. This date was doubtless inserted for the purpose of excluding from the operation of the saving clause in the repealing act any actions which might be brought under ch. 297 after such date, and before publication of the law, which was made April 10, 1882. As we have seen, this action was pending on March 25, 1882, so far as the exercise of the authority of the court over the custody of *Mrs. Hicks*, and to compel the plaintiff to support her, is concerned, and was therefore, as to those subjects, within the saving clause of the repealing act. Hence, to that extent the provisions of sec. 3 of the act of 1881 are still in force as to this action. It necessarily results from these views that the guardian *ad litem* appointed by the court at the commencement of the action continues to be such guardian until removed by the court which appointed him, and the appointment by the county court of a general guardian of *Mrs. Hicks* cannot operate to suspend any function of such guardian *ad litem*. *Mrs. Hicks* is the ward of the circuit court, and no other court or tribunal has any authority to supersede the guardian appointed by it, or interfere with its orders and judgments affecting her custody and support.

Coolican vs. The Milwaukee & Sault Ste. Marie Imp. Co.

Our conclusion is that the guardian *ad litem* was the proper person to present the petition in the present proceeding to the circuit court, and that such court had lawful authority to modify and alter the original judgment in respect to the custody and support of *Mrs. Hicks.* The portions of the order modifying the original judgment, from which the plaintiff appeals, must, on his appeal, be affirmed.

The portion thereof which refuses to require plaintiff to pay Walworth county for past expenditures for the support of *Mrs. Hicks,* from which her guardian *ad litem* appeals, must also be affirmed. Even though the court had power thus to modify the original judgment (which is doubtful), it was no abuse of discretion to refuse to do so.

*By the Court.*— The order of the circuit court modifying the original judgment is affirmed on both appeals.