**Samuel Chudleigh v. Chicago, R. I. & P. Ry. Co.**

1. JUDGMENTS—*Collateral Attack—Fraud.*—Judgments can not be collaterally attacked for fraud in obtaining them.

2. JUDGMENTS—*How They May be Attacked.*—There are but two methods by which the judgment of a court may be attacked; these are, first, by direct attack, that is, an attempt to set it aside or correct it in some manner provided by law, and second, by collateral attack.

3. JUDGMENTS—*Direct and Collateral Attacks.*—In a direct attack the existence of the judgment is admitted, it being insisted that for some reason the judgment should be set aside or amended; in a collateral attack the insistance is that the judgment is without effect, void, or, being voidable, has been made void by the party entitled to repudiate it.

4. JUDGMENTS—*Collateral Attacks—Upon What Based.*—A collateral attack is based upon the assertion that the court for some reason lacked jurisdiction to render a valid and conclusive judgment.

5. INFANTS—*Suits by, at Common Law.*—At the common law infants were required to sue and to defend by guardian; by whom was meant not the guardian of the infant's person and estate, but either one admitted by the court for the particular suit on the infant's personal appearance, or appointed for suits in general by the king's letters patent. By the statute of Westminster, 2, C. 15, infants were authorized to sue by *porchein ami* in all actions; and this remedy was held to be cumulative, leaving it optional for suit to be brought by guardian or next friend.

6. INFANTS—*Suits by Guardian or Next Friend.*—But whether the suit be by guardian or next friend, it is only by permission of the court that the suit is permitted to be brought in the name of the infant by the person who assumes to be the guardian or next friend. Theoretically, such person is appointed by the court, and this is shown by its permitting the suit to be maintained.

7. INFANTS—*Suits by Practice.*—The practice originally was for the person intending to act as *prochein ami* to go with the infant before a judge at chambers, or for a petition to be presented in behalf of the infant, stating the nature of the action and praying that in respect of his infancy the person intended might be appointed as the *prochein ami* of such infant. This was accompanied by an affidavit on which the judge granted his *fiat*, and on this a rule was drawn up by the clerk of the rules admitting the person designated to sue as the *prochein ami* of the infant. This practice has fallen into disuse, and now if the defendant appear and plead, it is then too late to question the authority of the *prochein ami*, and the recital in the suit that the infant is suing by his next friend is taken as conclusive that an order has been made.

8. INFANTS—*Knowledge of the Suit Not Necessary.*—It is not necessary that the infant should have any knowledge of the bringing of the

suit by his next friend, indeed, it may be maintained against his wish. So upon proper application the court will, as upon its own motion it may, direct an inquiry to ascertain if the suit brought is for the benefit of the infant, and if not, proceedings will be stayed.

9. INFANTS—*Suits by Next Friend—Presumptions.*—When suit is instituted in the name of an infant by his "next friend," the authority of the "next friend" so to do is presumed, because it is presumed that he was so appointed and authorized by the court.

10. INFANTS—*Bound by the Acts of His Next Friend.*—If the appointee of the court, his next friend, "played him false," the judgment is not thereby rendered void, but the defrauded plaintiff may resort to a court of equity to set aside and undo the fraudulent work and to wipe out the record, falsely obtained.

**Memorandum.**—Trespass on the case. Error to the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed November 27, 1893.

The statement of facts is contained in the opinion of the court.

ROSENTHAL & HIRSCHL, attorneys for plaintiff in error.

ROBERT MATHER and HENRY S. WALDRON, attorneys for defendant in error.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Plaintiff in error brought suit against the defendant in error, and filed a declaration in an action of trespass on the case, setting forth certain injuries by him, plaintiff, received by and through the negligence of the defendant, for which he claimed damages to the amount of $10,000; to this the defendant filed, among others, the following plea:

For a further plea in this behalf, the defendant says that the plaintiff ought not to have his aforesaid action against it, the defendant, because it says that the plaintiff being then and there a minor, by Richard Chudleigh, his father and next friend, heretofore impleaded it, the defendant, in the said Circuit Court of the said county of Cook, in the May term of the same court, in the year A. D. 1890, in a certain plea of trespass on the case, to the damage of the

plaintiff of $1,000, for committing the very same acts and grievances in the said declarations mentioned, and such proceedings were thereupon had in that plea; that afterward in that same term, by the consideration and judgment of the same court, the plaintiff recovered against the defendant the sum of $300 damages, as well as the costs of the plaintiff in that behalf, whereof the defendant was convicted, as by the record thereof still remaining in the same court more fully appears, which said judgment still remains in full force, and this the defendant is ready to verify by the said record.    Whereupon it prays judgment if the plaintiff ought to have his aforesaid action, etc.

To this the plaintiff replied as follows :

As to the second plea, the plaintiff says *precludi non*, for that the said alleged and purported action and all proceedings therein, and the pretended judgment therein, were at all times, and are null and void, for that the same were not instituted nor prosecuted for the benefit or protection of plaintiff, but were instituted entirely by one Richard Chudleigh, pretending to be the next friend of the plaintiff, and were by him, in collusion with the defendant, instituted and prosecuted for the sole purpose and design of obtaining for himself a pecuniary consideration from the defendant, and of obtaining for the defendant an apparent or pretended judgment and release from plaintiff's cause of action, all and singular of which facts, purposes and intents were then and there well known to and shared in by the defendant, and all of which proceedings pretended to be in plaintiff's interests and the declaration in said pretended suit, and all steps and actions therein pretended to be taken in the interest of this plaintiff, were in fact prepared and filed by the defendant by its own attorney, and taken under the direction and at the instance and request of the defendant, itself, acting by its agents, officers and attorneys.    And this plaintiff avers that he had at no time any knowledge or notice of the bringing of said pretended action, nor of the entry of said pretended judgment, nor of the pretended satisfaction thereof, until a long time after the date of the said pretended judgment, to wit, nine months thereafter.

. And this the plaintiff says he is ready to verify.

The defendant demurred to this replication, which demurrer the court sustained, and thereon rendered judgment, to reverse which judgment the plaintiff prosecutes this suit.

The question thus presented is, whether a judgment obtained by an infant, suing by his next friend, is conclusive, or may, in an action at law, be collaterally attacked and disregarded, because of fraud and collusion between the next friend and the defendant in the obtaining of such judgment; such fraud and collusion not appearing in any way in the record of the proceeding, but being shown by evidence extrinsic thereto.

Appellant, while admitting the general principle that judgments can not be collaterally attacked for fraud in obtaining them, endeavors to establish a distinction, applicable, as he insists, to this case. The position of appellant is, that judgments may be collaterally attacked for fraud in obtaining them when the fraud is something not considered or passed upon in the rendition of the judgment.

In this State, at least, it seems to be settled that judgments can not be collaterally attacked for such reason.

In Ambler v. Whipple, 139 Ill. 311, an action of debt on a judgment, the defendant pleaded that the plaintiff in the suit wherein the judgment was rendered, had falsely represented that he would abandon the said suit and take no further steps therein, whereby he, the defendant, was induced not to interpose his defense; and the defendant also pleaded a discharge in bankruptcy, which, relying upon the plaintiff's promises to abandon his said suit, he alleged he was induced not to plead and set up as a defense to the plaintiff's said action, as he, the defendant, might and would have done but for the fraud and imposition practiced upon him by the plaintiff. A demurrer to these pleas was sustained. The Supreme Court also held them insufficient, and in passing upon them said: " The prevailing doctrine is, that a plea of fraud is not admissible in actions on judgments of sister States, where there was jurisdiction of the person and subject-matter, unless it can be set up in the court of the State

rendering the judgment. The judgment in such case is not void, but voidable only. The Supreme Court of the United States has also held that a plea of fraud in obtaining the judgment can not be interposed in an action thereon."

" Domestic judgments, and those standing upon the like footing, import verity, and public policy forbids their indirect and collateral contradiction or impeachment. * * * We are aware that in some of the earlier cases in this State there seems, in effect, to be a contrary holding, but the rule stated is, we think, as applicable to the courts of law, supported by the weight of authority."

The matter set up by the pleas thus held insufficient was something not considered or passed upon by the court in rendering judgment.

Why the defendant had failed to interpose a defense in that case, and especially why he had failed to plead his discharge in bankruptcy, was something which the court was in no wise called upon to consider.

It is clear that upon principle the attack made upon the judgment under consideration in the case at bar, can not prevail.

There are but two methods by which the judgment of a court may be attacked; these are, first, by direct attack, that is, an attempt to set it aside or correct it in some manner provided by law; and, second, by collateral attack.

In a direct attack, the existence of the judgment is admitted, it being insisted that for some reason the judgment should be set aside or amended; in a collateral attack the insistence is that the judgment is without effect, void, or being voidable, has been made void by the party entitled to repudiate it. Harmon v. Moore, 112 Ind. 221–227; Earle v. Earle, 91 Ind. 27–42; Morrill v. Morrill et al., 20 Oregon, 96–101; Van Vleet on Collateral Attack, Secs. 4 to 18.

A collateral attack is based upon the assertion that the court for some reason lacked jurisdiction to render a valid and conclusive judgment.

In the present case, the plaintiff has not gone into court and by bill alleged that the judgment was obtained by fraud

and collusion, and therefore asked that it may be set aside, thus directly attacking it and seeking to have the record thereof removed; instead of this, he comes asking not to annul the record, but that it may be disregarded. Should he succeed in his undertaking, the record of the former judgment will still exist, not set aside or removed; rights might yet be acquired under it, and it might still be resorted to for the purpose of ascertaining what was thereby established. So there would be upon the records of the Circuit Court, two unreversed and unremoved judgments between the same parties for the same cause of action.

It is urged that the judgment against appellee having been obtained by fraud and collusion, it is to be treated as if it were no judgment at all; that in reality, the plaintiff has never had his day in court, was really never before the court, but merely made so to appear by the fraudulent action of the defendant.

In the action in which the judgment was rendered, suit was brought in the name of the present plaintiff by his next friend, he being then an infant.

At the common law, infants were required to sue and to defend by guardian; by whom was meant, not the guardian of the infant's person and estate, but either one admitted by the court for the particular suit on the infant's personal appearance, or appointed for suits in general by the king's letters patent. By the statute of Westminster, 2, C. 15, infants were authorized to sue by *porchein ami* in all actions; and this remedy was held to be cumulative, leaving it optional for suit to be brought by guardian or next friend. Coke Litt., 135 b, note 1; Young v. Young, Cro. Cas. 86; Goodwin v. Moore, Cro. Cas. 161.

But whether the suit be by guardian or next friend, it is only by permission of the court that the suit is permitted to be brought in the name of the infant by the person who assumes to be the guardian or next friend. Theoretically, such person is appointed by the court, and this is shown by its permitting the suit to be maintained. Miller v. Boyden, 3 Pick. 213; Com. Dig., Pleader, 2, C. 1; Archer v. Frowde, 1 Str. 304.

The next friend being, theoretically, an appointee of the court, may be removed by the court. Guild v. Cranston, 8 Cush. 506. And the next friend can not a make a settlement except by leave of court. Tripp v. Gifford, 29 N. E. 208.

In Rawlyn's Case, 5 Coke, 53, it was assigned for error that the plaintiff was an infant and was admitted by guardian and no record thereof was made, as was used in C. B., but there was only recited in the count, " J. Rawlins, per A. B., *gardianum suum ad hoc per curiam specialiter admissus qurritus*," etc. The justices and barons *una voce* disallowed the error.

The practice originally was for the person intending to act as *prochein ami* to go with the infant before a judge at Chambers, or for a petition to be presented in behalf of the infant, stating the nature of the action and praying that in respect of his infancy the person intended might be appointed as the *prochein ami* of such infant. This was accompanied by an affidavit on which the judge granted his *fiat;* and on this a rule was drawn up by the clerk of the rules admitting the person designated to sue as the *prochein ami* of the infant. 1 Tidd's Pr., 99.

This practice has fallen into disuse, and now if the defendant appear and plead, it is then too late to question the authority of the *prochein ami*, and the recital in the suit that the infant is suing by his next friend, is taken as conclusive that an order has been made. Archer v. Frowde, 1 Stra. 304; Guild v. Cranston, 8 Cush. (Mass.) 506.

It is not necessary that the infant should have any knowledge of the bringing of the suit by his next friend; indeed, it may be maintained against his wish. Stumps v. Kelley, 23 Ill. 140; Pyne v. Wood, 145 Mass. 558; Fulton et al. v. Rosevelt, 1 Paige, 178; Morgan v. Thome, 7 M. & W. 400.

If two or more suits for the same cause are instituted in behalf of an infant, at the same time, the court will institute an inquiry to determine which is most for his advantage. Dormer v. Fortescue, 3 Atk. 130.

So upon proper application the court will, as upon its own

motion it may, direct an inquiry to ascertain if the suit brought is for the benefit of the infant, and if not, proceedings will be stayed. Richardson v. Miller, Sim. 138; Fulton v. Rosevelt, *supra;* Garr v. Drake, 2 Johns. Ch. 942; Nalden v. Hawkins, 2 Myl. & K. 243; Barwick v. Rackley, *pro. ami,* 44 Ala. 215; Tyler on Infancy, 197.

The bringing of suit by next friend is authorized by the statutes of this State. Sec. 18, Ch. 64, R. S.

In Morgan v. Thorne, *supra,* Parke, B., said: "The law knows of no distinction between infants of tender and of mature years; and as no special authority to sue is requisite in the case of an infant just born, so none is requisite from an infant on the eve of attaining his majority. It appears perfectly clear that every *prochein ami* is to be considered as an officer of the court, specially appointed to look after the interests of the infant, on whom the judgment in the action is consequently binding."

It follows from the foregoing that when suit is instituted in the name of an infant by his "next friend," the authority of the "next friend" so to do, is presumed, because it is presumed that he was so appointed and authorized by the court.

The plaintiff in the present case has therefore had his day in court, and if the appointee of the court, his next friend, "played him false," the judgment is not thereby rendered void, but the defrauded plaintiff may resort to a court of equity to set aside and undo the fraudulent work and to wipe out the record, falsely obtained, by which in this suit he is confronted.

The judgment of the Circuit Court sustaining the demurrer is affirmed.