WILLIAM H. WILLIAMS, STATE'S ATTORNEY, vs. LIVINGSTON W. CLEAVELAND, JUDGE OF PROBATE.

Third Judicial District, Bridgeport, October Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

No appeal lies from the refusal of a Court of Probate to allow an appeal; but such refusal may be reviewed upon mandamus proceedings against the judge of probate.

When a general guardian has been appointed by a Court of Probate, he is usually the proper person to represent the infant plaintiff in a civil action; but cases are not infrequent in which the infant may properly sue by next friend, notwithstanding the existence of such guardian.

The mere fact that the property of a minor is under the care of a guardian duly appointed by the Probate Court, and that he declines to appeal from a probate decree affecting property of which the minor is the sole heir, does not justify the Court of Probate in refusing to allow an appeal of the minor when duly taken by his next friend.

Whether the circumstances of the case are such as to permit the minor to prosecute the appeal by his next friend instead of by such guardian, and whether the next friend is a suitable person to represent the minor in the prosecution of such appeal, are questions for the sole consideration of the Superior Court to which the appeal process is returnable.

The facts in the present case reviewed and *held* to furnish a sufficient basis for action by the Superior Court which would sustain the probate appeal sought to be taken by the minor's next friend.

Under our practice it is not necessary that a *prochein ami* should receive authority from any court to enable him to commence an action in behalf of an infant.

A husband who has by antenuptial agreement renounced all claim to and interest in his wife's property, cannot be "aggrieved" (§ 406) by decrees of the Probate Court in relation to the settlement of

her intestate estate; and therefore cannot appeal from such decrees.

The sole heir of an estate of a deceased person has the right, under § 406, to appeal from a probate decree authorizing the administrator to accept a certain sum in compromise of claims owned by the estate.

A parent is not entitled, as the natural guardian of his minor child, to the possession or control of the minor's property, either at common law or by statute (General Statutes, §§ 216 to 220).

The statute allowing a minor to appeal from a probate decree in his own name within twelve months after he arrives at full age (§ 408), does not prevent him from taking an appeal by next friend or guardian during his minority.

Under General Statutes, § 224, the guardian of property in this State owned by a nonresident minor has an authority, only, uncoupled with any legal title or interest in the property.

Argued October 29th, 1903—decided January 26th, 1904.

APPLICATION for a writ of mandamus requiring the respondent, as judge of probate, to allow an appeal from certain orders and decrees of the Court of Probate for the district of New Haven, brought to the Superior Court in New Haven County where the return of the respondent was adjudged sufficient upon demurrer (*Gager, J.*), and judgment was rendered denying the application, from which the plaintiff appealed. *Error and cause remanded.*

*John C. Chamberlain*, for the appellant (plaintiff).

*Henry C. White* and *John Q. Tilson*, for the appellee (defendant).

HALL, J. The material facts of this case, as they appear of record, are these : Eliza T. White, who was domiciled in New York at the time of her death, died intestate, leaving property in New York and in Connecticut. Her estate in New York is being administered by an administrator duly appointed there, and in this State by an administrator *de bonis non*, James Kingsley Blake, duly appointed by the Court of Probate for the district of New Haven. Josiah J. White is the surviving husband of said Eliza White; and

Frederic Hall White, a minor of about nineteen years of age, is the son of said Josiah and Eliza White, and the sole heir of said Eliza White. In 1897 the surrogate court of Kings County, New York, issued letters of guardianship of the property of said minor to the Long Island Loan and Trust Company of New York, which letters have not been revoked. In 1901 the Court of Probate for the district of Chatham, upon the nomination of said minor, appointed Ellsworth B. Strong guardian of the estate of said minor situated in Connecticut, and he is still acting in that capacity. Said Josiah White still remains the guardian of the person of his said son. In February, 1902, the Court of Probate for the district of New Haven authorized said administrator Blake to accept the sum of about $28,000, in compromise and settlement of certain claims of the estate of said Eliza White against the Brainard Quarry Company and the Shaler and Hall Quarry Company, corporations of this State, located in Portland in this State. In April, 1902, said Court of Probate accepted and approved the administration account of said Blake, showing funds of said estate in his hands to the amount of more than $30,000, a part of which was the money so received in compromise of said claims. In May, 1902, the said minor, Frederic White, by said Josiah White, as his father and as guardian of his person, and the said Josiah White as an individual, filed, in due form, an appeal to the Superior Court from said orders of the Court of Probate; said Frederic claiming in said appeal an interest in said estate as heir aforesaid, and said Josiah claiming an interest as surviving husband of said Eliza White. In June, 1902, said Frederic White by his next friend, J. Birney Tuttle, and said Josiah White, as surviving husband of Eliza White, filed, in due form, another appeal from said orders of the Court of Probate. Both of said appeals were disallowed by the Court of Probate.

The said minor personally desired to take an appeal from said orders, and in due season requested said Strong, guardian of his property in this State, to take an appeal from said order of compromise. Said Strong refused to take such

Williams *v.* Cleaveland.

appeal because advised by his counsel—who were also the attorneys for said Brainard Quarry Company and Shaler and Hall Company, in the matter of the claims of the estate of Eliza White against said companies—that it could not be successfully prosecuted.

The Supreme Court of the State of New York has authorized said Josiah White to retain said Tuttle to prosecute such appeals, and has ordered the said Long Island Loan and Trust Company, as guardian, to reserve from the property of said minor certain funds for the prosecution of said appeals.

The finding states that after a certain antenuptial agreement between said Josiah White and Eliza Hall (afterwards Eliza White) was produced and laid in evidence, showing that said Josiah White had renounced all claim which he might have had to his wife's property by reason of their marriage, and had agreed that in case of her death he would make no claim to any right or interest in any part of her estate, no further claim was made by him, or in his behalf, that he had any interest in said estate as surviving husband of said Eliza T. White.

The reason for not allowing said appeals, assigned by the respondent in his said return, is that the persons moving for the appeals have no interest in the subject-matter affected by the orders from which appeals are sought to be taken; Josiah White because of his antenuptial agreement renouncing all claim to his wife's property, and the others because the interests of Frederic White are protected by Strong, the guardian of the estate of said minor in Connecticut.

The Superior Court, upon the applicant's demurrer, held this return to be sufficient, and afterwards, having found the facts as above stated, rendered judgment denying the application for a peremptory writ of mandamus.

A separate discussion of the ruling upon the demurrer to the return to the alternative writ becomes unnecessary, since practically the same decision is involved in the final judgment rendered upon the facts found under the subsequent pleadings.

As the law does not permit an appeal from an order of a Court of Probate disallowing an appeal, the proper method of obtaining a review of such refusal is by application for a writ of mandamus. If upon such proceeding it is made to appear that a party aggrieved by an order of the Court of Probate has, by himself or some person properly acting for him, within the time limited by law, requested the allowance of an appeal to the proper court from such order, and has given the required bond, the allowance of such appeal may be compelled by mandamus. *Elderkin's Appeal*, 49 Conn. 69–71; *Taylor* v. *Gillette*, 52 id. 216, 218; *Orcutt's Appeal*, 61 id. 378, 382; *Bassett* v. *Atwater*, 65 id. 355, 360.

It seems to be unquestioned that the antenuptial agreement laid in evidence shows that Josiah White had no interest in the estate of Eliza White as her surviving husband, and that he therefore, in such capacity, had no right to appeal from the probate orders in question. As natural guardian he was entitled to neither the possession nor control of his son's property, either at common law (*Kline* v. *Beebe*, 6 Conn. 494, 500) or by statute (General Statutes, §§ 216–220).

But Frederic White, as the sole heir of his mother, Eliza White, undoubtedly had such an interest in her estate as made him a "person aggrieved" by the orders of the Court of Probate, within the meaning of those words in § 406 of the General Statutes, and as gave him a right of appeal from such orders. *Norton's Appeal*, 46 Conn. 527; *Dickerson's Appeal*, 55 id. 223, 229; *Woodbury's Appeal*, 70 id. 455. The law permitting him to take an appeal in his own name within twelve months after he shall arrive at full age, does not prohibit him from taking an appeal by next friend or guardian during his minority. *Davidson* v. *Minor*, 1 Root, 275. But it is claimed that Strong, the guardian of the minor's property in Connecticut, was the only person by whom Frederic White could lawfully take the appeal. The Connecticut guardian was appointed under § 224 of the General Statutes, which provides that "when a minor residing without this state, and having no guardian within this state,

shall own estate in this state, the court of probate for the district in which such estate or any part thereof may be, may appoint a guardian of such minor, who shall have the charge and management of such estate." By his appointment under this statute the Connecticut guardian acquired no title to the property of the ward. He had an authority only, uncoupled with an interest. The legal title to both real and personal property remained in the ward. *Welles* v. *Cowles*, 4 Conn. 182, 189 ; *Olmsted* v. *Olmsted*, 38 id. 309, 322. Neither the *prochein ami* nor the guardian *ad litem* are the real parties to the actions which they may prosecute or defend. Such suits are conducted by them in the name of the infants whom they represent, and not in their own names. *Morgan* v. *Potter*, 157 U. S. 195 ; *Sanford* v. *Phillips*, 68 Me. 431, 432 ; Woerner's Amer. Law of Guardianship, p. 69, § 22.

The appeal sought to be taken in behalf of Frederic White was, therefore, not properly disallowed because of a want of interest in the real appellant, Frederic White, in the subject-matter of the orders of the Court of Probate. The refusal to allow an appeal can only be justified upon the ground that the minor moved for the appeal in the Court of Probate, and proposed to prosecute it in the Superior Court, by one who could not lawfully represent him.

At common law, infants were required to both sue and defend by guardian. In England they were authorized by statute to sue by next friend as well as by guardian. Westminster 2, Cap. 15 (13 Edw. 1). The rule established by the statute of Westminster became part of our common law. *Apthorp* v. *Backus*, Kirby, 407, 409 ; *McCarrick* v. *Kealy*, 70 Conn. 642, 646. The remedy thus given has been held to be cumulative, leaving it optional with the infant to sue either by guardian or next friend. *Miles* v. *Boyden*, 3 Pick. 213 ; *Chudleigh* v. *Chicago, R. I. & P. Ry. Co.*, 51 Ill. App. 491, 496.

The powers and responsibilities of a next friend and of a guardian, in the prosecution of a suit for an infant, are the same. Indeed a guardian, in bringing an action for his

ward, acts in the capacity of next friend of the ward, although not so designated in the complaint. *Simpson* v. *Alexander*, 6 Cold. (Tenn.) 619. The guardian and next friend in conducting a civil action are a " species of attorney whose duty it is to bring the rights of the infant to the notice of the court," and the authority of each is limited to the proceeding in which he is appointed. Wœrner's Amer. Law of Guardianship, pp. 64–71, §§ 21, 22. But while the court before which the action is pending may appoint a next friend to represent the infant plaintiff, a guardian *ad litem* is only appointed by such court for the defendant. *Clark* v. *Platt*, 30 Conn. 282, 285.

An infant having no guardian may always sue in a civil action by next friend. When a general guardian has been appointed by a Court of Probate he is usually the proper person to represent the infant plaintiff in such action. But there are frequently cases when the infant may properly sue by next friend, notwithstanding the existence of such guardian, as when the guardian is absent, or is unwilling or unable to institute or prosecute the required action or appeal, and especially when, though declining to take such action himself, he does not forbid such proceeding, or when he is disqualified by interest hostile to that of the infant, or is for other reasons an improper or unsuitable person to prosecute such actions in behalf of the ward. In such cases, and in the absence of any statute requiring infants to sue by probate guardian, there seems to be no good reason why actions and appeals may not at least be commenced by an infant by next friend. Reeve's Domestic Relations, 264; Wœrner's Amer. Law of Guardianship, p. 65, § 21; *Thomas* v. *Dike*, 11 Vt. 273; *French* v. *Marshall*, 136 Mass. 564; *Holmes* v. *Field*, 12 Ill. 424; *Chudleigh* v. *Chicago, R. I. & P. Ry. Co.*, 51 Ill. App. 491; *Patterson* v. *Pullman*, 104 Ill. 80; *Segelken* v. *Meyer*, 94 N. Y. 473; *Hooks* v. *Smith*, 18 Ala. 338; *Deford* v. *State*, 30 Md. 179; *Baltimore & Potomac R. Co.* v. *Taylor*, 6 App. Cas. (D. C.) 259; *Robson* v. *Osborn*, 13 Tex. 298; *Martin* v. *Weyman*, 26 id. 460; *Hicks* v. *Hicks*, 79 Wis. 465, 470.

In the case before us, the guardian of the minor's estate in Connecticut has refused to take the appeal for the reason before stated, although requested to do so by the minor, who is nineteen years of age, and who may by law choose his own guardian, and although the father of the minor desires the appeal to be taken, and the taking of the appeal is approved by the proper court of the domicil of the guardian, and by the guardian of New York, and although sufficient funds appear to have been provided for carrying on the appeal without expense to the Connecticut guardian. The New York court and the persons above named appear also to have authorized the appeal to be taken by Frederic White by the said Tuttle as next friend. While the guardian has thus declined to take the appeal by himself, he has not forbidden it to be taken by next friend.

Unless the minor can appear by himself or by next friend in taking and prosecuting the appeal, he will be deprived of the right of appeal until he arrives at full age. Under these circumstances we think the Superior Court, to which the appeal was sought to be taken, might rightly have held that the appeal was properly taken by the minor by his next friend, and that the next friend named in the appeal was a suitable person to represent the minor in the prosecution of the appeal. This being so, the minor was at least entitled to commence the process of appeal to the Superior Court by his next friend, and to have his appeal allowed and entered upon the docket of the appellate court.

Under our practice it is not necessary that a *prochein ami* should receive authority from any court to enable him to commence an action in behalf of an infant. *McCarrick* v. *Kealy*, 70 Conn. 642, 646. The fact that the minor had a guardian, if of any importance, was only pleadable in abatement in the Superior Court; *Apthorp* v. *Backus*, Kirby, 407, 410; and, upon such plea, the court could have permitted the guardian to appear (*Clark's Case*, 2 Root, 383), or could have directed his name to be substituted for that of the next friend. General Statutes, §§ 621, 622, 623.

It was not the province of the Court of Probate to decide

whether an appeal ought to be taken from its own decrees, nor whether the circumstances of this case were such as to permit the minor to prosecute it by next friend, instead of by the guardian appointed by the Court of Probate of the district of Chatham, nor whether the next friend who moved for the appeal was a suitable person to represent the infant in the prosecution of the appeal. These were questions for the consideration of the Superior Court to which the process of appeal was returnable. *Holmes* v. *Field*, 12 Ill. 424; *Chudleigh* v. *Chicago, R. I. & P. Ry. Co.*, 51 Ill. App. 491; *Patterson* v. *Pullman*, 104 Ill. 80; *Baltimore & Potomac R. Co.* v. *Taylor*, 6 App. Cas. (D. C.) 259, 270; *Price* v. *Phœnix M. L. Ins. Co.*, 17 Minn. 497. In *Apthorp* v. *Backus*, Kirby, 407, 409, it was said: " It is for the benefit of infants who have no guardians, or such as from particular circumstances cannot or will not sue for them, as the case may require, to admit their suits by *prochein ami;* whose power and responsibility relative thereto, are the same as guardians. And there can be no danger to the infant from such practice; for the court, under whose inspection the suit is prosecuted, is bound to take care for the infant; and, if the *prochein ami* is not a responsible and proper person, or misconducts the suit, or institutes one not apparently for the benefit of the infant, will displace him, and, if need be, appoint another."

As the minor had a sufficient interest in the estate of Eliza White to give him a right of appeal from the orders in question, and as by his next friend, authorized as before stated to appear for him, he exercised that right within the time limited by law, and furnished the required bond, he was entitled to an appeal, under the statute, and the fact that the appeal was not taken by the guardian of his property in this State was not a sufficient reason for refusing it. *Taylor* v. *Gillette*, 52 Conn. 216, 218; *Orcutt's Appeal*, 61 id. 378, 384.

There is error in the judgment of the Superior Court and it is reversed, and the case remanded with direction that a peremptory writ of mandamus be issued requiring the

respondent to allow an appeal from said orders by said Frederic Hall White by such next friend as he may choose to prosecute such appeal.

In this opinion the other judges concurred.