[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSES OF WILDBILL SURPLUS INC. AND REGINA VALVO
This is a product liability action brought as a result of injuries suffered by a minor. The father is the "parent" and "next friend" of the plaintiff, minor child. The parent in separate counts has sued for medical treatment expenses he has expended and will be required to expend as a result of the injuries to his son.
The plaintiff has filed a motion to strike the second, third, and fourth Special Defenses. The defendants Wild Bill Surplus and Regina Valvo have withdrawn the Fourth Special Defense.
(1)
The Second Special Defense states that "the minor plaintiff and/or plaintiff" father assumed the risk in this case.
The plaintiff is correct in pointing out that the father has brought this action as parent and next friend for the minor child. As far as the minor's claims are concerned the father is not the real party in this action, he conducts the suit in the child's name. Williams v.Cleveland, 76 Conn. 426, 431 (1904). The child's recovery cannot be barred by the parent's negligence, Dailey v.Norwich and Worcester RR Co., 26 Conn. 590, 597 (1858). CT Page 6084
Historically assumption of risk was a defense to a negligence action. It could also be a good defense to an action based on absolute nuisance, Beckwith v. Stratford,129 Conn. 506, 514 (1942), or to an action based on intrinsically dangerous activity, Starkel v. Balf Co.,142 Conn. 336, 342 (1955). Assumption of risk has been abolished in all actions to which so-called Tort Reform II applies, § 52-572h(1). The statute applies to "negligence actions" as stated in its title.
As Wright notes prior to the statutory remedy provided in § 52-572m et seq. Products Liability Claims were of three types — (1) negligence, (2) warranty and (3) strict liability in tort, Connecticut Law of Torts Wright and Ankerman, § 81, p. 209-210.
In the definition section of the products liability statute it says a "`Products liability' claim shall include, but is not limited to, all actions based on the following theories: strict liability in tort; negligence, breach of warranty, express or implied, breach of a failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or non disclosure whether negligent or innocent," § 52-572m(b). On the other hand § 52-572h says in subsection (a) that "a product liability claim . . . . shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty for harm caused by a product." (Emphasis added)
Presumably the legislature is aware of one statute when it passes another. The legislature recognized that the theoretical underpinnings under the new product liability statute were based on old common law conceptions but it explicitly said that as far as product liability claims are concerned there is no action in negligence as such; there is only a product liability claim, see above quoted language of § 52-572n.
This complaint, following the statutory mandate, explicitly bases itself on the product liability statute, (paragraph 3 of the complaint). It is not an "action of negligence" but a statutory claim. Thus the language of Tort Reform II explicitly excludes this type of action from its coverage and assumption of risk is still a viable CT Page 6085 defense. This is true although a reading of the complaint indicates the claims sound like old fashioned negligence, see paragraph 9. The legislature apparently intended then that assumption of risk still had a place in product liability law despite the origin of claims under that doctrine in common law negligence. When the legislature wanted to explicitly abolish a defense in product liability cases it knew how to do so — it did so as to "contributory negligence," § 52-5721 where strict tort liability is involved. It did not refer to assumption of risk in this type of action.
Since the defense can be raised the plaintiff observation that the father's assumption of risk — which he assumes is a variant of contributory negligence — can't be attributed to the minor child in this case misses the point. The wording of the actual assumption of risk special defense claims the minor child also assumed the risk so the defense would apply to his claim also.
(2)
The third special defense relies on the explicit statutory language of § 52-5721 stating: "Nothing in this section shall be construed as barring the defense of misuse of the product or the defense of knowingly using the product in a defective condition in an action based on strict tort liability." Given the standard definition of matters which must be specially pleaded in PB 164 this defense would appear to be an appropriate special defense. Interestingly § 52-5721 talks in terms of this defense being viable where the product liability claim is "based on strict tort liability." It would seem that the legislature recognizes that although there are no strict tort liability actions or negligence actions in the product liability area a product liability claim can be theoretically based on these old common law concepts. Query whether the defense under 52-5721 would be viable if the theoretical bases for the product liability claim is shown to be based not on strict liability but on a negligence theory?
In any event, however, these considerations don't warrant the granting of the motion to strike at this stage of the proceedings. CT Page 6086
The motion to strike is denied.
Corradino, J.